UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

JUAN FONSECA
　　　Plaintiff,

v.

WAL-MART STORES EAST, L.P.
　　　Defendant.
_____/

## WAL-MART STORES EAST, L.P.'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-18-022595, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I. BACKGROUND

1.　　On or about September 24, 2018, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl., attached as Ex. "A."

2.　　The Complaint was served on October 15, 2018. *See* Service of Process attached as Ex. "B."

3.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries he allegedly sustained on December 24, 2015 while at the Wal-Mart store located at 4301 S University Drive, Davie, Florida 33328. *See* Ex. "A" at ¶ ¶ 5, 8, 14.

4.      Specifically, the Plaintiff alleges he slipped and fell on metal hangers on the floor. *Id.* at ¶ 8.

5.      Plaintiff alleges Wal-Mart breached its duty to provide the Plaintiff with a reasonably safe environment by failing to maintain its premises in a reasonably safe manner, failing to warn the Plaintiff of the alleged dangerous condition, failing to remove the alleged dangerous condition from the floor, failing to place warning signs in the area to alert the Plaintiff of the alleged dangerous condition, and negligently maintaining the premises. *Id.* at ¶ ¶ 9, 10.

6.      The Plaintiff alleges he is a resident of Broward County, Florida. *Id.* at ¶ 2.

7.      On or about June 15, 2018, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which indicated ***Plaintiff has incurred medical bills which total $166,255.42.*** Based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle the claim for $750,000.00. *See* Redacted Pre-Suit Demand Letter attached as Ex. "C."[1]

---

[1] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with his pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Sam's East can provide same for an in camera inspection.

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

8.      This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

9.      Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "D."

10.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

11.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on October 15, 2018, when Plaintiff served her Amended Complaint.

12.     Prior to the service of Plaintiff's Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with his December 24, 2015 alleged incident.

13.     Venue exists in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed his state court Complaint is located in

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 ·  FACSIMILE: 305-379-3690

Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

### III. <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

14.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A.    Citizenship of JUAN FONSECA

15.    Plaintiff is a resident of Broward County, Florida. *See* Ex. "A." at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

16.    Here, Plaintiff alleges he is a resident of Broward County. *See* Ex. "A." at ¶ 2. Plaintiff's Broward County, Florida residence is prima facie evidence of his domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of WAL-MART STORES EAST, L.P.

17.    At the time of the alleged incident, and currently, Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the general partner, and WSE Investment, LLC is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc.  The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Composite Ex. "E."

### IV. AMOUNT IN CONTROVERSY

18.    The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that his claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

19.   Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional

requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

20.   "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

21.   The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the ***Plaintiff's past medical bills alone total $166,255.42***, and Plaintiff's June 15, 2018 pre-suit demand letter estimates damages in the instant matter to be at least seven hundred fifty thousand dollars ($750,000.00). *See* Ex. "C." In addition to Plaintiff's past medical bills incurred, the Plaintiff's Complaint alleges damages for mental pain and suffering, anguish, loss of capacity for the enjoyment of life, loss wages, permanent

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

aggravation of a pre-existing condition and permanent injuries. *See* Ex. "A." at ¶ 14.

22.   These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

23.   For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz*, 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's June 15, 2018 pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

24.   District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

25.   Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [2]

26.   Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be seven hundred and fifty thousand dollars ($750,000.00) is an honest assessment of her claimed damages as it is based on the following:

    a.   Plaintiff's past medical bills in the amount of $166,255.42,

    b.   Plaintiff's alleged injuries which include a 16% permanent impairment rating, supersprinatus tendinosis, frayed tear of the anterior labrum, and he underwent neck surgery at disc levels C5-6 and C6-7,

    c.   conservative treatment including epidural injections, and

    d.   future medical care. *See Katz,* 2009 WL 1532129 at 4.

---

[2] The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

27.   Like *Stramiello* and *Wilson*, Plaintiff's pre-suit demand letter includes medical expenses incurred by the Plaintiff which exceed $75,000.00, in addition to medical records which indicate the plaintiff will incur future medical expenses for medical care. *Wilson*, 2010 WL 3632794, at \*4; *Stramiello*, 2010 WL 2136550, at \*3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE-18-022595, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and that this Court assume full and

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: November 14, 2018**

Respectfully submitted,

*/s/ Robert Oldershaw*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
Florida Bar No.86071
roldershaw@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Robert Oldershaw*
Robert M. Oldershaw, Esq.

## SERVICE LIST

Anthony J. Soto, Esq.
Rubenstein Law, P.A.
9130 S. Dadeland Blvd
Datran II – PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 230-2934
tony@rubensteinlaw.com
nancy@rubensteinlaw.com
eservice@rubensteinlaw.com
*Attorneys for Plaintiff*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690