UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62768-CIV-GAYLES/SELTZER

JOSE FONSECA,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,

    Defendant.
                          /

## **ORDER**

**THIS CAUSE** has come before the Court upon Defendant's request to set a discovery hearing for the purpose of compelling Plaintiff to provide a date for the deposition of a non-party witness.

The Federal Rules of Civil Procedure and the Local Rules govern the scheduling of depositions. The Local Rules proclaim "the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice."  Local Rules for the Southern District of Florida, Introductory Statement. The Local Rules also prescribe the method and timing of noticing depositions:

> **(h) Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within the State of Florida of any person upon oral examination shall give at least seven (7) days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party),

and a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party).

Failure to comply with this rule obviates the need for protective order.

Notwithstanding the foregoing, in accordance with Federal Rule of Civil Procedure 32(a)(5)(A), no deposition shall be used against a party who, having received less than eleven (11) calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(1)(B) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

Local Rule 26.1(h), Local Rules for the Southern District of Florida.

Although cooperation between counsel in scheduling depositions is expected, there is no enforceable rule that would permit the Court to order such cooperation or to impose sanctions for failing to cooperate. However, when such coordination is not possible, Defendant's remedy is to properly notice the deposition and then, if necessary, move to compel and/or to impose sanctions in the event the witness fails to appear or obtain a protective order. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's request for discovery hearing is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of March 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel
via CM/ECF