UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 18-62768-CIV-ALTMAN/HUNT

JUAN FONSECA

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion for Entitlement to Attorney's Fees and Costs, ECF No. 60; Defendant's Motion for Entitlement to Costs and Memorandum in Support, ECF Nos. 61, 62; and Defendant's Verified Motion to Tax Attorneys' Fees and Costs, ECF No. 65. The Honorable Roy K. Altman referred the Motions to the undersigned for a report and recommendation. *See* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and Defendant's Motions, Plaintiff's Response, ECF No. 63, and Defendant's Reply, ECF No. 64, the undersigned RECOMMENDS that Defendant's Motions be GRANTED IN PART and DENIED IN PART as set forth below.

## BACKGROUND

This case arises out of a trip and fall incident that Plaintiff alleged he experienced at Defendant's store. Plaintiff filed a negligence claim against Defendant on September 24, 2018. On November 14, 2018, the case was removed to federal court. Defendant on June 14, 2019, served Plaintiff with an Offer of Judgment, which Plaintiff did not accept.

On September 12, 2019, the District Court entered an order granting Defendant's Motion for Summary Judgment.  ECF No. 59. The Court also entered a Final Judgment in favor of Defendant on September 12, 2019.  ECF No. 57.  Defendant now seeks attorney's fees and costs incurred from June 14, 2019, until the present, pursuant to Florida Statute § 768.79 and Fed. R. Civ. P. 1.442, and costs incurred since the inception of the case pursuant to Florida Statute § 57.041, Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

## ANALYSIS

a. <u>Fees and costs pursuant to Florida Law</u>

Defendant argues that it is entitled to recover attorneys' fees incurred from the date of the Proposal for Settlement until the entry of judgment, as well as costs, pursuant to Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442.

> Florida's offer of judgment statute, § 768.79, encourages pre-trial settlements, and penalizes the failure to accept reasonable settlement offers, as follows:
>
>> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....

*Univ. of Miami v. Intuitive Surgical, Inc.*, No. 04-20409-CIV-KING/MCALILEY, 2007 WL 9751759, at *3 (S.D. Fla. Mar. 14, 2007), *report and recommendation adopted sub nom. Univ. of Miami v. Intuitive Surgical,* No. 04-20409-CIV-KING/MCALILEY, 2007 WL 9751730 (S.D. Fla. Apr. 25, 2007) (footnote omitted).

That statute is subject to Florida Rule of Civil Procedure 1.442. Rule 1.442(c)(2) directs that a settlement proposal or offer of judgment shall:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
> (C) state with particularity any relevant conditions;
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and
> (G) include a certificate of service in the form required by Florida Rule of Judicial Administration 2.516.

Fla. R. Civ. P. 1.442.

Plaintiff makes several arguments in opposition to Defendant's Motions.[1] All of Plaintiff's arguments center on the notion that Defendant's Proposal for Settlement was too vague, ambiguous, or overbroad to entitle Defendant to attorneys' fees. In particular, Plaintiff argues that Defendant's proposal fails to meet the requirement that the proposal state with particularity any relevant conditions, or state with particularity all monetary terms.

Section 2 of the Proposed Settlement Agreement, titled "Release," states the following.

> a. Plaintiff and all others acting by, through or in concert with him, hereby releases, acquits and forever discharges Wal-Mart of and from any and all liability, rights, claims, demands, including but not limited to damages, costs, medical costs, expenses, actions, causes of action, suits of liability, wrongful death, survival actions, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown, without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have

---

[1] Plaintiff also argues that Defendant's Motion was in violation of Local Rule 7.3. However, this Court finds that Defendant's subsequent filing, ECF No. 65, to which Plaintiff did not respond, satisfied the requirements of the Local Rules.

      been asserted in any lawsuit, on account of and in any manner arising out of or related to the Incident and as set forth in the case entitled case entitled Juan Fonseca vs. Wal-Mart Stores East, LP, pending in the In the United States District Court, Southern District of Florida, Case No. 0:1 8-CV-62768-DPG.

  b.  Plaintiff understands and agrees that, by execution of this Agreement, Plaintiff intends to release, and does release, any and all claims whatsoever which the Plaintiff now has or which may accrue in the future on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen injuries and damages, and the consequences thereof arising out of or related to the Incident, regardless of whether such injuries or damages have actually been suffered, experienced, or incurred by Plaintiff or whether such injuries or damages may be suffered, experienced or incurred in the future, and with the knowledge that such injuries or damages may be progressive and may worsen or become manifest in the future.

ECF No. 60-1 at 7.

    Plaintiff first complains that the release names non-party Claims Management Incorporated ("CMI") as an entity to be released, and requires Plaintiff "and all others acting by, through, or in concert with him" to release Defendant and CMI. Plaintiff argues that this impermissibly broadens the scope of the agreement outlined in the Proposal, which supposedly only concerns Plaintiff and Defendant. Plaintiff also apparently takes issue with the language of the release itself, arguing that its breadth could encompass claims outside the scope of the current litigation.

    As to Plaintiff's first point, the undersigned does not believe that the Release impermissibly broadens the parties to the settlement. The Proposal plainly states that it applies to "WAL-MART as defined in the Release and Indemnity Agreement ('Release'), and that it "is being made to Plaintiff JUAN FONSECA as defined in the Release." That the Release defines Defendant so as to include its claims management company and includes Plaintiff's agents does not create an ambiguity. Instead, it specifically defines

the entities involved, as would be expected given the language in the Proposal. "Florida case law indicates that the nonmonetary terms of a proposal for settlement may be particularly stated by attaching an incorporated release to the proposal." *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV-MARRA, 2015 WL 11921409, at *3 (S.D. Fla. Mar. 17, 2015). Therefore, the undersigned finds Plaintiff's argument fails on this point.

As to his second argument, however, Plaintiff has a better point. Although Defendant hinges its defense on Paragraph 2(a) of the Release, of more interest to this Court is the language of Paragraph 2(b). In *University of Miami*, the Court found that a clause that read "[t]his offer is inclusive of any and all claims that have been made *or could be made in the future* by Plaintiff against Defendant, *which in any way relate to the subject matter of the pleadings herein*" was insufficiently particular. *Univ. of Miami*, 2007 WL 9751759, at *3 (emphasis in original). That Court reasoned that "[t]he offer . . . sought to preclude Plaintiff from bringing certain unidentified future claims," and "[t]he condition that a plaintiff relinquish all rights to sue about anything at any point in the future is intrinsically a condition incapable of being stated with the particularity required under section 768.79 of the Florida Statutes." *Id.* (internal quotations omitted).

In the *Miami* case, Defendant modified its reference to future actions with the phrase "[that] *in any way relate to the subject matter of the pleadings herein*." *Id.* However, the Court found that "this did not cure the ambiguity inherent in Defendant's proposed release of future claims, as no one is capable of identifying, much less evaluating, all yet-to-be-discovered claims Plaintiff might have that 'in any way relate to the subject matter' of this lawsuit." *Id.* The Court ultimately determined that, because

5

Plaintiff was "[n]ot able to know the nature and scope of such a hypothetical claim, it was impossible for Plaintiff to evaluate whether Defendant's … offer was sufficient to compensate Plaintiff for that claim. The same is true for all future claims Plaintiff might have that 'in any way relate' to the subject matter of this lawsuit, as they are simply unknowable." *Id.*

The undersigned finds the language of Paragraph 2(b) similarly impermissible. It is simply not possible for Plaintiff to adequately evaluate any offer that claimed to compensate him for

> any and all claims whatsoever which the Plaintiff now has or which may accrue in the future on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen injuries and damages, and the consequences thereof arising out of or related to the Incident, regardless of whether such injuries or damages have actually been suffered, experienced, or incurred by Plaintiff or whether such injuries or damages may be suffered, experienced or incurred in the future, and with the knowledge that such injuries or damages may be progressive and may worsen or become manifest in the future.

The undersigned sees no meaningful difference between this language and that in *Miami*. Accordingly, Defendant's Motions that rely on Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442 should be denied.

Assuming, *arguendo*, that the District Court should find Defendant's language sufficient, the undersigned will address Plaintiff's additional complaints. Plaintiff next argues that Defendant's inclusion of a confidentiality clause, without identifying a specific monetary amount to be apportioned for confidentiality, introduces impermissible vagueness and tax consequences. Defendant counters, correctly, that "Florida courts have consistently awarded attorney's fees based on proposals for settlement that contain features commonly found in settlement agreements, including terms such as

6

confidentiality and non-disclosure." *Embroidme.com, Inc.*, 2015 WL 11921409, at *6. Plaintiff relies heavily on a special concurrence in *Dryden v. Pedemonti*, 910 So. 2d 854 (Fla. 5th DCA 2005). This concurrence was closely examined in a report and recommendation in *Embroidme.com*. The magistrate judge in that case carefully examined the state of the law regarding the *Dryden* concurrence, but ultimately found that the Court "must follow those Florida cases which have impliedly allowed non-monetary conditions to be included in proposals for settlement, as well as Rule 1.442(c) (2)(D) which expressly approves non-monetary terms in proposals for settlement." *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV-MATTHEWMAN, 2015 WL 419879, at *9 (S.D. Fla. Jan. 22, 2015). Plaintiff does not cite any case law that would indicate further development following the *Embroidme.*com decision. Accordingly, the undersigned agrees with the *Embroidme.com* Court, and finds that the inclusion of the confidentiality clause does not render the proposal impermissibly ambiguous. *See Embroidme.com, Inc*, 2015 WL 11921409, at *6. Accordingly, Plaintiff's argument on this point should be denied.

Finally, Plaintiff complains that Defendant impermissibly required Plaintiff's attorney to sign and be subject to the confidentiality provisions of the agreement. Specifically, Plaintiff complains about Paragraph 9(d), which states that

> Plaintiff and Plaintiff's attorney, if any, further agree that if he or Plaintiff's attorney, or any members, partners, or employees of such attorney's law office or firm, violate(s) the confidentiality provisions of this Agreement, then Wal-Mart shall have the right and standing to enjoin any person or entity who has announced an intention to violate the confidentiality provisions of this Agreement or who has violated the confidentiality provisions of this Agreement from any future violation thereof.

7

Regarding the alleged ambiguity created by fact that this confidentiality requirement is not mentioned in the Proposal, the undersigned again finds that it is not impermissible for the Release to state with particularity that which is outlined in broad strokes in a proposal. *See Embroidme.com, Inc.,* 2015 WL 11921409, at *3. Accordingly, Plaintiff's argument should be denied on this point.

Plaintiff further argues that the release could be interpreted so as to require Plaintiff's attorney to indemnify Plaintiff. A plain reading of the release belies such concerns. The attorney signature line is well below the Plaintiff's signature line, on the opposite side of the page, and clearly states that the signature is "[a]s to confidentiality only." ECF No. 60-1 at 10. The undersigned finds there is no ambiguity as to what Plaintiff's attorney would be agreeing to, and Plaintiff's argument therefore fails on this point.

b. <u>Costs pursuant to Fla. Stat. § 57.041, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920</u>

Defendant further seeks costs in the amount of $10,758.24 pursuant Florida Statute § 57.041, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920. Plaintiff stated in his response that although Plaintiff recognized Defendants entitlement to taxable costs, "[t]he Plaintiff will file a separate response to Defendant's motion to tax costs as some of the costs are simply not taxable." ECF No. 63 at 2. To date, no such response has been filed. Given that Plaintiff has advanced no further argument regarding taxable costs, the undersigned finds Plaintiff's argument abandoned. Accordingly, Defendant should be awarded these costs.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS Defendant's Motion for Entitlement to Attorney's Fees and Costs, ECF No. 60; Defendant's Motion for Entitlement to Costs and Memorandum in Support, ECF Nos. 61, 62; and Defendant's Verified Motion to Tax Attorneys' Fees and Costs, ECF No. 65, be GRANTED IN PART and DENIED IN PART. The Motions should be granted to the extent that Defendant be awarded $10,758.24 in costs. The Motions should otherwise be denied.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 16th day of April 2020

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Roy K. Altman

All Counsel of Record