UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62768-CIV-ALTMAN/Hunt

**JUAN FONSECA**,

    *Plaintiff*,

v.

**WAL-MART STORES EAST, LP**,

    *Defendant*.

_____/

**ORDER**

Before the Hon. Roy K. Altman:

    Juan Fonseca filed this lawsuit alleging that he slipped and fell at a Wal-Mart. Following months of discovery, this Court granted Wal-Mart's motion for summary judgment, finding insufficient evidence of negligence. On top of averting any liability, however, Wal-Mart decided to file a series of motions seeking to require Fonseca to pay its attorneys' fees and costs. The basis for this request was (in short) that Fonseca—while discovery was ongoing—declined Wal-Mart's settlement offer and that, under Florida law, Fonseca must therefore pay Wal-Mart's fees and costs.

    The Court referred these motions to United States Magistrate Judge Patrick M. Hunt, who issued a two-pronged Report and Recommendation. *First*, Magistrate Judge Hunt recommended that this Court award Wal-Mart those costs Fonseca never opposed paying. *Second*, Magistrate Judge Hunt recommended denying the remaining fees and costs because Wal-Mart's "settlement offer" was so unclear that Fonseca could not have properly assessed its value. In Judge Hunt's view, then, the offer was invalid under Florida law. After careful review, this Court affirms.

## THE FACTS

The Plaintiff, Juan Fonseca ("Fonseca"), sued Wal-Mart Stores East, LP ("Wal-Mart"), alleging that he slipped and fell on metal hangers that had been left on the floor of a Wal-Mart store. *See* Compl. [ECF No. 1-1] ¶ 8. On November 14, 2018, Walmart removed the case to federal court. *See* Notice of Removal [ECF No. 1]. On June 14, 2019, Wal-Mart served Fonseca with an Offer of Judgment, which Fonseca declined. *See* Report and Recommendation (the "Report") [ECF No. 66] at 1. The Offer of Judgment attached a Proposed Settlement Agreement, which contained the terms of Wal-Mart's offer. *See* Proposed Settlement Agreement [ECF No. 60-1]. As relevant here, Section 2 of the Proposed Settlement Agreement set out the following general release:

> a. Plaintiff and all others acting by, through or in concert with him, hereby releases, acquits and forever discharges Wal-Mart of and from any and all liability, rights, claims, demands, including but not limited to damages, costs, medical costs, expenses, actions, causes of action, suits of liability, wrongful death, survival actions, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown, without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the 1ncident [sic] and as set forth in the case entitled case entitled [sic] Juan Fonseca vs. Wal-Mart Stores East, LP, pending in the 1n [sic] the United States District Court, Southern District of Florida, Case No. 0:18-CV-62768-DPG.
>
> b. Plaintiff understands and agrees that, by execution of this Agreement, Plaintiff intends to release, and does release, any and all claims whatsoever which the Plaintiff now has or which may accrue in the future on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen injuries and damages, and the consequences thereof arising out of or related to the Incident, regardless of whether such injuries or damages have actually been suffered, experienced, or incurred by Plaintiff or whether such injuries or damages may be suffered, experienced or incurred in the future, and with the knowledge that such injuries or damages may be progressive and may worsen or become manifest in the future.

*Id.* §§ 2(a)–(b).

On September 12, 2019, the Court entered both an order granting Wal-Mart's Motion for Summary Judgement and a Final Judgement in Wal-Mart's favor. *See* [ECF Nos. 57, 59]. Wal-Mart now seeks (1) attorneys' fees and costs under Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442, *see* Motion for Attorney's Fees and Costs [ECF No. 60]; Motion To Tax Attorneys' Fees and Costs [ECF No. 65], and (2) costs it incurred since the case's inception under Florida Statutes § 57.041, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920, *see* Motion for Attorney's Fees and Costs [ECF No. 60]; Memorandum in Support of Bill of Costs [ECF No. 62].

## THE LAW

A district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." FED. R. CIV. P. 54(d); FED. R. CIV. P. 72. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes.

Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only when objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

3

## ANALYSIS

Wal-Mart objects to the Report's recommendations that this Court deny (1) its request for attorneys' fees and (2) *some* of its costs. *See* Objections [ECF No. 67]. The Court must review those objected-to portions of the Report *de novo*—and the balance for clear error. Having found no error—much less clear error—in those conclusions to which neither party has objected, the Court now addresses (in turn) each of Wal-Mart's objections.

**A. The General Release**

Because this case falls within the ambit of this Court's diversity jurisdiction, the Court must apply Florida substantive law, including the attorneys' fees provisions set out in Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) (noting that "section 768.79 is substantive law in diversity cases"); *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002) (applying Rule 1.442 in conjunction with § 768.79 in a diversity case); *Safranek v. Wal-Mart Stores*, 2011 WL 766218, at *2 (S.D. Fla. Feb. 25, 2011) ("The controlling substantive law that the Court must apply in this regard is found in Fla. Stat. § 768.79.").

Florida Statutes § 768.79 provides that a prevailing defendant may be entitled to fees and costs if the plaintiff rejected a *valid* offer of judgment. In pertinent part, the statute reads as follows:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing the offer if the judgment is one of no liability . . . .

FLA. STAT. § 768.79(1).

But, for an offer of judgment to be valid, the proposed settlement must comply with Rule 1.442, which requires that the offer of judgment "state with particularity all relevant conditions" and "all non-monetary terms of the proposal." FLA. R. CIV. P. 1.442(c), (d); *see also Brower-Eger*

4

*v. Noon*, 994 So. 2d 1239, 1241 (Fla. 4th DCA 2008) ("Rule 1.442 of the Florida Rules of Civil Procedure requires particularity in the contents of the proposal and strict compliance with the rule."); *Palm Beach Polo Holdings, Inc. v. Vill. of Wellington*, 904 So. 2d 652, 653 (Fla. 4th DCA 2005) ("Rule 1.442 makes it clear that proposals for settlement must state with particularity any relevant conditions and all non-monetary terms.").

The particularity requirement is "fundamental to the purpose underlying the statute and rule." *Connell v. Floyd*, 866 So. 2d 90, 92 (Fla. 1st DCA 2004). "The rule intends for a proposal for judgment to be as specific as possible, . . . so that the recipient can fully evaluate its terms and conditions." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006) (quoting *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002)). Indeed, "[p]roposals for settlement are intended to end judicial labor, not create more." *Id.* (quoting *Lucas*, 813 So. 2d at 973). In expounding on the particularity requirement, the Florida Supreme Court has recognized that, while "it may be impossible to eliminate *all* ambiguity," the settlement proposal must be "sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *Id*. (emphasis added). In any event, the particularity requirement "must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees." *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003).

"[A] general release qualifies as one of the 'relevant conditions' or 'nonmonetary terms' of a settlement proposal, which must be described with particularity under rule 1.442." *Nichols*, 932 So. 2d at 1078. In applying the particularity requirement to general releases, courts have made two observations: *First*, "[a] proposal for settlement should not include conditions that, if accepted, would cause an offeree to give up a claim or right that it could not have otherwise lost in the litigation." *Panama City Beach Condos, Ltd. P'ship v. Adjusters Int'l Colo., Inc.*, 2009 WL

5214970, at *2 (N.D. Fla. Dec. 28, 2009) (quoting *Nichols v. State Farm Mut.*, 851 So. 2d 742, 746 n.3 (Fla. 5th DCA 2003)).[1] *Second*, an offer of judgment is ineffectual if it contains an "obligation to relinquish rights on future causes of action based on facts that have not occurred." *Ambeca, Inc. v. Marina Cove Vill. Townhome Ass'n, Inc.*, 880 So. 2d 811, 813 (Fla. 1st DCA 2004).[2]

In this case, the proposed general release falls short of the particularity requirement set out in Rule 1.442. The general release provided that Fonseca would release "any and all claims whatsoever which [Fonseca] now has or which may accrue in the future . . . arising out of or related to the Incident." *See* Proposed Settlement Agreement § 2(b). It is entirely unclear what limits—if any—this "related to" language establishes. And, on a fair reading, the release would appear to sweep in both (1) claims that could be asserted *outside* of this slip-and-fall case and (2) *future* claims based on *future* Wal-Mart actions. For example: Let's say Fonseca had visited Wal-Mart (in this case) to purchase a Wal-Mart branded toaster. If the toaster turned out to be defective (say, because it had an unfortunate tendency to combust spontaneously), Fonseca may well be precluded from suing Wal-Mart—or even participating in a class-action arising from that defective toaster—since that lawsuit could be said to be "related to the Incident." Likewise, if Fonseca returns to Wal-

---

[1] *See also Palm Beach Polo*, 904 So. 2d at 653 (finding the release invalid because "the language of the proposed release is not limited to damages arising out of the underlying action"); *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2015 WL 11921409, at *7 (S.D. Fla. Mar. 17, 2015) (concluding that a release was valid because it "did not require Plaintiff to relinquish claims 'extrinsic' to [the] lawsuit").

[2] *See also Bd. of Trustees of Fla. Atl. Univ. v. Bowman*, 853 So. 2d 507, 510 (Fla. 4th DCA 2003) ("It was the release of future claims . . . that this court found to be invalid."); *Hales v. Advanced Sys. Design, Inc.*, 855 So. 2d 1232, 1233 (Fla. 1st DCA 2003) (finding invalid a "release of any claim that might arise in the future"); *Zalis v. M.E.J. Rich Corp.*, 797 So. 2d 1289, 1290 (Fla. 4th DCA 2001) ("The condition that a plaintiff relinquish all rights to sue about anything at any point in the future is intrinsically a condition incapable of being stated with the particularity required under section 768.79 . . . .").

Mart fifteen years from now and—still hobbled from tripping over the hangers—slips on some stray applesauce, his (future) negligence claim may be barred as "related to the Incident." These, of course, are just two of a virtually endless series of hypothetical traps by which the Offer's "related to" phrase may (unjustifiably) ensnare Fonseca's future claims. As Magistrate Judge Hunt concluded, it was "simply not possible for [Fonseca] to adequately evaluate" Wal-Mart's Offer. *See* Report at 6.

Other courts have reached this same conclusion on similar releases. *See, e.g.*, *Univ. of Miami v. Intuitive Surgical, Inc.*, 2007 WL 9751759 (S.D. Fla. Mar. 14, 2007), *report and recommendation adopted*, WL 9751730 (S.D. Fla. Apr. 25, 2007). In *University of Miami*, this Court found invalid a similar release that read as follows: "This offer is inclusive of any and all claims that have been made *or could be made in the future* by Plaintiff against Defendant, *which in any way relate to the subject matter of the pleadings herein*." *Id.* at *3. The Court reasoned that "no one is capable of identifying, much less evaluating, all yet-to-be-discovered claims Plaintiff might have that 'in any way relate to the subject matter' of this lawsuit." *Id.* at *4. The same is true here. There was no way for Fonseca, reading the Offer, to identify—much less value—his "yet-to-be-discovered" future claims, which may (in some mysterious, undefined way) be "related to the Incident."

And, where courts have found releases valid, those releases—unlike the one here—contained tethering language that *limited* the release to claims (from *past* events) that *could have* been raised in the case. *See, e.g.*, *Liberty Mut. Fire Ins. Co. v. A.O. Smith Corp.*, 2006 WL 8443974, at *5 (N.D. Fla. July 12, 2006) (finding release valid because it only sought to bar claims "which had matured as of the time of execution of the offer of judgment"); *Embroidme.com*, 2015 WL 419879, at *5 (release was valid because it "contemplate[d] only those claims that were asserted

in the Complaint or could have been asserted in the Complaint"), *report and recommendation adopted*, 2015 WL 11921409 (S.D. Fla. Mar. 17, 2015); *In re Auffant*, 274 B.R. 554, 558–59 (Bankr. M.D. Fla. 2002) (release was valid because it only released claims "based on any action or failure to act up to the present date"); *Bowman*, 853 So. 2d at 510 (release was valid because the plaintiffs "were only required to release any and all claims they had up to the date of the Proposal for Settlement").[3]

\*\*\*

Because the release did not permit Fonseca to (meaningfully) value Wal-Mart's offer, the Offer of Judgment was invalid. Fonseca thus has no obligation to pay fees or costs under Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442.

**B. Costs**

Wal-Mart seeks costs through two separate motions. In its first motion for costs, Wal-Mart says that it is entitled to $10,758.24 in costs (largely) for copying expenses, filing fees, and subpoenas. *See* Memorandum in Support of Bill of Costs [ECF No. 62] at 2. It asks for these costs under Federal Rule of Civil Procedure 54(d), Southern District of Florida Local Rule 7.3(c), and 28 U.S.C. § 1920. *Id.* at 1. In its second motion for costs, Wal-Mart claims an additional $28,537.00 in expert and mediation costs. *See* Motion To Tax Attorneys' Fees and Costs [ECF No. 65] at 7.

---

[3] Wal-Mart's objection to Magistrate Judge Hunt's conclusion is premised on a *single* argument: that this Court's decision in *University of Miami*, 2007 WL 9751759, is inapposite here because the release in that case barred actions related to the "subject matter of the pleadings," whereas Wal-Mart's Offer here precluded actions related to the "Incident"—a distinction, Wal-Mart says, that "clearly and unambiguously allows plaintiff to identify the nature and scope of any future claims." *See* Objections [ECF No. 67] at 4. Like Magistrate Judge Hunt, this Court fails to see how barring actions related to the "Incident" is any more particularized than precluding actions related to the "subject matter of the pleadings." Indeed, at least the language in *University of Miami*— "subject matter of the pleadings"—provided a source (the pleadings), from which the parties might later determine which (future) limitations the release implicated. The release Wal-Mart provided here didn't even do that much.

It asks for these costs under Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442. *Id.* Wal-Mart objects to Magistrate Judge Hunt's suggestion that this Court should grant the first motion (for $10,758.24) but deny the second (for $28,537.00). *See* Objections [ECF No. 67] at 3 n.3. But this objection appears to be premised on a misunderstanding.

Wal-Mart is entitled to $10,758.24 in taxable costs under Fed. R. Civ. P. 54(d), Local rule 7.3(c), and 28 U.S.C. § 1920. Fonseca has *never* opposed reimbursing Wal-Mart for these costs; indeed, Fonseca acknowledged that "the Defendant is entitled to seek taxable costs from the Plaintiff." Opposition to Motion for Attorney's Fees and Costs [ECF No. 63] ¶ 3. Fonseca promised to file a separate brief in opposition to *some* of these costs, but he ultimately elected not to do so. *Id.* Fonseca has therefore waived any opposition to these costs. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

Wal-Mart, however, is *not* entitled to attorneys' fees and costs under Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442—the costs it seeks in its second motion—because (as discussed) Wal-Mart's Offer of Judgment fails Florida's particularity requirement. Florida's offer of judgment statute "generally creates a right to recover reasonable costs and attorney fees when a party has satisfied the terms of the statute." *See Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 649 (Fla. 2010). But, when an offer fails to satisfy the requirements of Rule 1.442, the defendant is not entitled to an award of its reasonable attorneys' fees *or* costs. *See 1 Nation Tech. Corp. v. A1 Teletronics, Inc.*, 924 So. 2d 3, 7 (Fla. 2d DCA 2005) (holding that,

9

because the offer of judgment failed the particularity requirement, "the defendants are not entitled to an award of their . . . costs based on their offer of judgment").[4]

In its Objections, Wal-Mart argues that Magistrate Judge Hunt mischaracterized the nature of the costs it is hoping to recover. *See* Objections [ECF No. 67] at 2 n.2. Here, however, Wal-Mart misses the point. Fonseca does not object to the $10,758.24 Wal-Mart seeks under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Wal-Mart is therefore entitled to those costs. But, because the release was insufficiently particular—a deficiency that invalidated the Offer of Judgment—Wal-Mart is *not* entitled to the $28,537.00 it seeks under Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442. Magistrate Judge Hunt thus correctly excluded that second amount.

***

Accordingly, the Court hereby **ORDERS AND ADJUDGES** that the Report [ECF No. 66] is **AFFIRMED AND ADOPTED** in full and as follows:

1. Wal-Mart's (1) Motion for Attorney's Fees and Costs [ECF No. 60]; (2) Motion for Bill of Costs [ECF Nos. 61, 62]; and (3) Motion To Tax Attorneys' Fees and Costs [ECF No. 65] are **GRANTED in part and DENIED in part**. The Motions are granted to the extent that Wal-Mart is awarded $10,758.24 in costs. The Motions are otherwise denied.

---

[4] In any case, Wal-Mart cannot recover its costs under Fla. Stat. § 768.79 because that statute's cost provision does not apply in diversity cases. *See Kearney v. Auto-Owners Ins. Co.*, 2010 WL 3062420, at *1 (M.D. Fla. Aug. 4, 2010) ("While § 768.79 is substantive as to attorney's fees, it is not substantive as to costs, an area traditionally considered procedural and governed by 28 U.S.C. § 1920."); *Jalosinski v. Dorel Juvenile Grp., Inc.*, 2015 WL 4395406, at *5 (M.D. Fla. July 16, 2015) ("While the recovery of attorney's fees under the [Florida] offer-of-judgment statute presents a substantive matter for state law, the recovery of costs under that statute does not similarly raise a substantive issue. The offer-of-judgment statute leaves unchanged the 'traditional view' that the recovery of costs presents a procedural matter for federal law.").

2. Wal-Mart shall recover a total award of $10,758.24, for which sum let execution issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of September 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record